UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KESIA PRICE, *et al*.,

                        Plaintiffs,

   -against-

PORTER NOVELLI, INC. and OMNICOM GROUP INC.,

                        Defendants.

07 Civ. 5869 (PAC)

**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

**JURY TRIAL DEMANDED**

       Defendants Porter Novelli, Inc. ("Porter Novelli"), and Omnicom Group Inc. ("Omnicom") (collectively "Defendants") by and through their undersigned counsel, hereby answer the complaint of plaintiff Kesia Price, ("Plaintiff") *et al.* (collectively, "Plaintiffs"), dated June 20, 2007 (the "Complaint") as follows:

       1.      Defendants admit that Plaintiff purports to allege certain violations on behalf of herself and others, deny that such allegations have merit, and otherwise deny the allegations contained in Paragraph 1 of the Complaint.

       2.      Defendants deny the allegations of Paragraph 2 of the Complaint.

       3.      Paragraph 3 of the Complaint contains statements and/or conclusions of law as opposed to allegations of fact and as such, no answer is required. To the extent that Paragraph 3 purports to contain any allegations of fact, Defendants deny those allegations.

2.[1]     Paragraph 2 of the Complaint contains statements and/or conclusions of law as opposed to allegations of fact and as such, no answer is required. To the extent that Paragraph 2 purports to contain any allegations of fact, Defendants deny those allegations.

### JURISDICTION AND VENUE

3.     Defendants admit, on information and belief, the allegations of Paragraph 3 of the Complaint.

4.     Defendants admit the allegations of Paragraph 4 of the Complaint.

5.     Paragraph 5 of the Complaint contains statements and/or conclusions of law as opposed to allegations of fact and as such, no answer is required. To the extent that Paragraph 5 purports to contain any allegations of fact, Defendants admit that the Court is empowered to issue a declaratory judgment, but denies that entry of such a judgment would be appropriate in this case.

### THE PARTIES

6.     Defendants admit, on information and belief, the allegations of Paragraph 6 of the Complaint.

7.     Defendant Porter Novelli denies the allegation of Paragraph 7(a) that it is a New York corporation but admits that its principal place of business is 450 Lexington Avenue, New York, New York. Defendant Omnicom admits the allegations of Paragraph 7(b) of the Complaint. Defendant Porter Novelli admits the allegation of Paragraph 7(c) of the Complaint.

---

[1]     Defendants note that there is an error in the numbering of the paragraphs of the Complaint following paragraph 3. For the convenience of the Court and the parties, Defendants will adopt the paragraph numbering used in the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

8. Defendants admit that Plaintiff purports to prosecute her claim as a collective action, deny that such a collective action is appropriate in this case, and otherwise deny the allegations of Paragraph 8 of the Complaint

9. Defendants deny the allegations of Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains statements and/or conclusions of law as opposed to allegations of fact and as such, no answer is required. To the extent that Paragraph 10 purports to contain any allegations of fact, Defendants deny those allegations.

11. Paragraph 11 of the Complaint contains statements and/or conclusions of law as opposed to allegations of fact and as such, no answer is required. To the extent that Paragraph 11 purports to contain any allegations of fact, Defendants deny those allegations.

12. Paragraphs 12(a)-(g) of the Complaint contain statements and/or conclusions of law as opposed to allegations of fact and as such, no answer is required. To the extent that Paragraphs 12(a)-(g) purport to contain any allegations of fact, Defendants deny those allegations.

13. Paragraph 13 of the Complaint contains statements and/or conclusions of law as opposed to allegations of fact and as such, no answer is required. To the extent that Paragraph 13 purports to contain any allegations of fact, Defendants deny those allegations.

## CLASS ALLEGATIONS

14. Paragraph 14 of the Complaint contains statements and/or conclusions of law as opposed to allegations of fact and as such, no answer is required. To the extent that Paragraph 14 purports to contain any allegations of fact, Defendants deny those allegations.

15. Defendants admit that Plaintiff purports to bring this lawsuit as a class action on behalf of herself and others, deny that class treatment is appropriate, and otherwise deny the allegations of Paragraph 15 of the Complaint

16. Defendants deny the allegations of Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint contains statements and/or conclusions of law as opposed to allegations of fact and as such, no answer is required. To the extent that Paragraph 17 purports to contain any allegations of fact, Defendants deny those allegations.

18. Defendants deny the allegations of Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint contains statements and/or conclusions of law as opposed to allegations of fact and as such, no answer is required. To the extent that Paragraph 19 purports to contain any allegations of fact, Defendants deny those allegations.

20. Paragraph 20 of the Complaint contains statements and/or conclusions of law as opposed to allegations of fact and as such, no answer is required. To the extent that Paragraph 20 purports to contain any allegations of fact, Defendants deny those allegations.

21. Paragraphs 21(a)-(e) of the Complaint contain statements and/or conclusions of law as opposed to allegations of fact and as such, no answer is required. To the extent that Paragraph 21(a)-(e) purport to contain any allegations of fact, Defendants deny those allegations.

## FACTUAL ALLEGATIONS

22. Defendant Porter Novelli admits the allegations of Paragraph 22 of the Complaint. Defendant Omnicom denies the allegations of Paragraph 22 of the Complaint.

23. Defendant Porter Novelli admits that it employed Plaintiff during the period from April 2000 to September 2006, and denies the remaining allegations of Paragraph 23 of the Complaint. Defendant Omnicom denies the allegations of Paragraph 23 of the Complaint.

24.     Defendant Porter Novelli admits the allegations of Paragraph 24 of the Complaint. Defendant Omnicom denies the allegations of Paragraph 24 of the Complaint.

25.     Defendant Porter Novelli denies the allegations of Paragraph 25 of the Complaint. On information and belief, Defendant Omnicom denies the allegations of Paragraph 25 of the Complaint.

26.     Defendant Porter Novelli denies the allegations of Paragraph 26 of the Complaint. On information and belief, Defendant Omnicom denies the allegations of Paragraph 26 of the Complaint.

27.     Defendant Porter Novelli admits the allegations of the first sentence of Paragraph 27 of the Complaint.  Defendant Omnicom denies the allegations of the first sentence of Paragraph 27 of the Complaint.  With respect to the second sentence of Paragraph 27, Defendant Porter Novelli denies the allegations.  With respect to the third sentence of Paragraph 27, Defendant Porter Novelli denies knowledge or information sufficient to admit or deny the allegations.  Defendant Omnicom denies the allegations contained in the second and third sentences of Paragraph 27.

28.     Defendants deny the allegations contained in the first sentence of Paragraph 28 of the Complaint.  With respect to the second sentence of Paragraph 28, as the allegations contained therein are based on the knowledge of the Plaintiff, Defendants deny knowledge or information sufficient to admit or deny such allegations.

29.     Defendants deny the allegations of Paragraph 29 of the Complaint.

30.     Defendants deny the allegations of Paragraph 30 of the Complaint.

## **FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT**

31. Answering Paragraph 31 of the Complaint, Defendants reallege their responses and incorporate by reference their answers to Paragraphs 1 though 30 as if they were set forth again herein.

32. Defendant Porter Novelli admits that it is engaged in interstate commerce but denies the remaining allegations of Paragraph 32 of the Complaint. Defendant Omnicom denies the allegations of Paragraph 32 of the Complaint.

33. Defendant Porter Novelli admits, on information and belief, the allegations of Paragraph 33 of the Complaint insofar as they relate to the Plaintiff; denies knowledge or information sufficient to admit or deny the allegations with respect to other putative Collective Action Members, and denies that there is any basis for a collective action in this case. Defendant Omnicom denies the allegations of Paragraph 33 of the Complaint.

34. Defendants admit the allegations of Paragraph 34 of the Complaint.

35. On information and belief, Defendants admit the allegations of Paragraph 35 of the Complaint.

36. Defendants deny the allegations of Paragraph 36 of the Complaint.

37. Defendants deny the allegations of Paragraph 37 of the Complaint.

38. Defendants deny the allegations of Paragraph 38 of the Complaint.

39. Defendants deny the allegations of Paragraph 39 of the Complaint.

40. Defendants deny the allegations of Paragraph 40 of the Complaint.

## SECOND CLAIM FOR RELIEF: NEW YORK LABOR LAW

41. Answering Paragraph 41 of the Complaint, Defendants reallege their responses and incorporate by reference their answers to Paragraphs 1 though 30 as if they were set forth again herein.

42. Paragraph 42 of the Complaint contains statements and/or conclusions of law as opposed to allegations of fact and as such, no answer is required by Defendants.

43. Defendants deny the allegations of Paragraph 43 of the Complaint.

44. Defendants deny the allegations of Paragraph 44 of the Complaint.

45. Defendants deny the allegations of Paragraph 45 of the Complaint.

## DENIAL OF PRAYER FOR RELIEF

46. Defendants expressly deny that Plaintiffs are entitled to any relief, including but not limited to the relief sought by Plaintiffs in their Complaint. Defendants generally deny any allegations of Plaintiffs' Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Failure to State a Claim for Relief)

Plaintiffs' Complaint is barred, in whole or in part, because it fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

(Good Faith)

Plaintiffs' alleged claims for relief are barred, in whole or in part, because Defendants have at all times acted in good faith in conformity with and in reliance upon the applicable

administrative regulations, orders, rulings, approvals, and interpretations and on the applicable administrative practices and enforcement policies.

### Third Affirmative Defense

(Justification and Privilege)

Defendants' actions, respecting the subject matters alleged in the causes of action, and each of them, were undertaken in good faith, with the absence of malicious intent to injure Plaintiffs, and constitute lawful, proper, and justified means to further its sole purpose of engaging in and continuing its business. Therefore, Plaintiffs are barred, in whole or in part, from recovery on the alleged causes of action in their Complaint.

### Fourth Affirmative Defense

(Liability under New York "Spread of Hours" Rule)

Defendants cannot be liable to Plaintiffs for any "spread of hours" violation under the New York Labor Law and its regulations since Defendants have paid Plaintiffs an amount that actually exceeds the minimum amount due under 12 N.Y.C.R.R. §142-2.4. Therefore, Plaintiffs are barred, in whole or in part, from recovery on the Second cause of action in their Complaint.

### Fifth Affirmative Defense

(Laches)

Plaintiffs' alleged claims for relief are barred, in whole or in part, by the doctrine of laches.

### Sixth Affirmative Defense

(Estoppel; Waiver)

Plaintiffs' alleged claims for relief are barred, in whole or in part, by the doctrines of estoppel and waiver.

### Seventh Affirmative Defense

(Statute of Limitations)

Plaintiffs' alleged claims for relief are barred, in whole or in part, by the applicable statute of limitations under the Fair Labor Standards Act and the New York Labor Law with respect to time periods prior to the filing of the Complaint in this action.

### Eighth Affirmative Defense

(No Basis for Class or Collective Action)

Plaintiffs' alleged claims for relief are barred, in whole or in part, because Plaintiffs are unable to establish the factors required to maintain a class action pursuant to Fed. R. Civ. P. 23 or a collective action pursuant to 29 U.S.C. §216(b).

### Ninth Affirmative Defense

(No Employment Relationship)

Defendant Omnicom cannot be liable to Plaintiffs for any claim asserted in the Complaint because Defendant Omnicom has no employees and thus does not employ and has not employed Plaintiff or any member of the alleged class.

### Tenth Affirmative Defense

(No Liquidated Damages)

Pursuant to the New York law governing class action recoveries, Plaintiffs are barred from recovering liquidated damages in this case.

### Eleventh Affirmative Defense

(Reservation of Rights)

Defendants reserve their right to assert additional defenses which may become apparent during discovery in this action.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment in their favor and against the Plaintiffs providing that:

a. The Complaint be dismissed in its entirety with prejudice and that Plaintiffs take nothing by their Complaint.

b. Defendants have not violated any provisions of the Fair Labor Standards Act.

c. Defendants have not violated any provisions of the New York Labor Law.

d. Defendants be awarded their reasonable attorney fees and the costs of this action pursuant to 35 U.S.C. § 285.

e. Defendants be awarded such further and other relief as the Court may deem just and proper.

## COUNTERCLAIM

Counterclaimant PORTER NOVELLI, INC. ("Porter Novelli") by its attorneys, LATHAM & WATKINS LLP, for its Counterclaim against Counterclaim defendant KESIA PRICE ("Price") states as follows:

### PARTIES AND JURISDICTION

1. Counterclaimant Porter Novelli is a Delaware corporation, with its principal place of business at 450 Lexington Avenue, New York, New York.

2. On information and belief, counterclaim defendant Kesia Price is a citizen of the State of New York residing in Queens, New York.

3. This Court has jurisdiction to consider this Counterclaim pursuant to 28 U.S.C. §1367.

### GENERAL ALLEGATIONS

4. Porter Novelli provides a corporate American Express credit card ("AMEX card") to certain employees to facilitate legitimate business related travel and expenses. Any employee who accepts one of the Porter Novelli corporate AMEX cards is subject to a corporate credit card policy (the "Policy") issued by Porter Novelli.

5. The Policy states, among other things, that corporate cards are not to be used for personal purchases under any circumstances. The Policy also states that when the cardholder's employment with Porter Novelli ends, it is the cardholder's responsibility to turn in his/her corporate card to Porter Novelli's Human Resources department and to fully satisfy his/her account balance prior to receiving his/her final paycheck, or if that is not possible, by no later than ten (10) business days following the termination of employment.

6.      Porter Novelli is ultimately liable to American Express for the charges on each AMEX Card.  If the cardholder fails to pay the balance on his or her AMEX Card, Porter Novelli may be required to pay American Express on their behalf.  However, according to the terms of the Policy, the employee always remains responsible to pay for the employee's charges.

7.      On information and belief, Price received an AMEX card.  On or about or about September 27, 2004, Price signed an acknowledgement that she had received the Policy.  On or about September 1, 2006, Price's employment with Porter Novelli terminated.

8.      On or about the date of Price's termination, Price had an outstanding balance on her AMEX card of $1,327.77—50 days past due.  During her exit interview, Price was informed that she would have ten days to pay the outstanding balance in accordance with the Policy.

9.      On or about December 12, 2006, Kelly Menne ("Menne"), Director of Finance at Porter Novelli, received a call from American Express informing her that Price had not paid the outstanding balance, which had risen to $1,493.84.  Thereafter, Millie Houston ("Houston"), Corporate HR Administrator for Porter Novelli, contacted Price and asked her to pay the outstanding balance.  A few days later, Price told Houston that she had contacted American Express and arranged to make payments directly with them.

10.     On or about December 22, 2006, Menne received another call from American Express indicating that Price had never contacted them regarding the outstanding balance.  Porter Novelli was then required to make a payment to American Express for $1,493.84 to cover Price's charges.

11.     That same day, Menne sent a letter to Price, reminding her of the Policy and explaining that Porter Novelli had made a payment to American Express on her behalf.  Menne

also stated, among other things, that Porter Novelli must be reimbursed in full for the unpaid balance of $1,493.84 by December 29, 2006.

12. Price made no payment to Porter Novelli on December 29, 2006. To date, Price has not reimbursed Porter Novelli for any portion of the unpaid balance of $1,493.84.

## FIRST COUNTERCLAIM
### Breach of Contract

13. Porter Novelli repeats and re-alleges paragraphs 1-12 of the Counterclaim as if fully set forth herein.

14. Price signed and acknowledged receipt of the Policy whereby Price was given an AMEX card by Porter Novelli to use for business expenses in exchange for her promise to fully satisfy her account balance.

15. Price had an outstanding balance on her AMEX card of $1,493.84, which she refused to pay.

16. Porter Novelli was required to make a payment to American Express in the amount of $1,493.84 on Price's behalf.

17. In violation of the Policy and her agreement with Porter Novelli, Price has not reimbursed Porter Novelli for any portion of the unpaid balance on her AMEX card.

18. Price's failure to reimburse Porter Novelli constitutes a breach of contract for which Price if liable to Porter Novelli.

## SECOND COUNTERCLAIM
### Unjust Enrichment

19. Porter Novelli repeats and re-alleges paragraphs 1-12 of the Counterclaim as if fully set forth herein.

20. At the time her employment terminated, Price had an outstanding balance on her AMEX card of $1,493.84.

21. Price never paid the outstanding balance on her AMEX card.

22. In accordance with the Policy, Porter Novelli was required to make a payment to American Express in the amount of $1,493.84 on Price's behalf.

23. Price has not reimbursed Porter Novelli for the any portion of the unpaid balance on her AMEX card.

24. Price's actions resulted in her being unjustly enriched by the amount that Porter Novelli was required to pay to satisfy her unpaid balance.

## THIRD COUNTERCLAIM
### Conversion

25. Porter Novelli repeats and re-alleges paragraphs 1-12 of the Counterclaim as if fully set forth herein.

26. At the time her employment terminated, Price had an outstanding balance on her AMEX card of $1,493.84.

27. Price never paid the outstanding balance.

28. In accordance with the Policy, Porter Novelli was required to make a payment to American Express in the amount of $1,493.84 on Price's behalf.

29. Price has not reimbursed Porter Novelli for the any portion of the unpaid balance of $1,493.84.

30. Price's failure to pay the outstanding balance or to reimburse Porter Novelli for the amount that Porter Novelli paid on her behalf constitutes a conversation in the amount of $1,493.84, which is the specific amount of money that Porter Novelli was required to pay.

## **PRAYER FOR RELIEF ON COUNTERCLAIM**

WHEREFORE, Counterclaimant Porter Novelli prays that this Court enter a judgment in its favor against Counterclaim defendant Price as follows:

    a.    Damages in the amount of $1,493.84;

    b.    An award of Porter Novelli's reasonable attorney's fees and costs in litigating this Counterclaim; and

    c.    Such other and further relief as this Court deems just and equitable.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38, Counterclaimant Porter Novelli respectfully demands a trial by jury of any and all issues triable of right by jury in its Counterclaims.

Dated:  August 15, 2007

New York, New York

                                              LATHAM & WATKINS LLP

                                              By:  /s/ John D. Shyer

                                              John D. Shyer (JS-2706)
                                              885 Third Avenue, Suite 1000
                                              New York, NY 10022
                                              Tel:  (212) 906-1200
                                              Fax:  (212) 751-4864

                                              Attorneys for Defendants Porter Novelli, Inc.
                                              and Omnicom Group Inc.