USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JAN 0 2 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KESIA PRICE, *et al.*,

                      Plaintiffs,

  -against-

PORTER NOVELLI, INC. and OMNICOM
GROUP INC.,

                      Defendants.

07 Civ. 5869 (PAC)

**STIPULATED
CONFIDENTIALITY
AGREEMENT AND
PROTECTIVE ORDER**

      IT IS HEREBY STIPULATED AND AGREED, by and among the parties in this matter, through their undersigned counsel, that the following provisions of this Stipulated Confidentiality Agreement and Protective Order (the "Agreement") shall govern disclosure and use by the parties of all documents, testimony, exhibits, responses to document requests, interrogatory answers, responses to requests for admission and any other materials and information produced or provided ("Discovery Materials") by any party or non-party ("Disclosing Party"), and the parties jointly move the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to enter a Protective Order adopting its terms.

1.    <u>Definition of "Confidential Information"</u>

      "Confidential Information" shall include any Discovery Materials which constitute, include, contain refer or relate to: (1) trade secrets or other confidential employment, research, development or commercial information the disclosure of which may adversely affect the commercial, business, or financial position of the producing party; or (2) confidential, non-public personal information including, without limitation, social security numbers, home telephone numbers and addresses, tax returns, personnel evaluations, and medical, financial and

compensation information which may be protectable under applicable provisions of the Federal Rules of Civil Procedure. Confidential Information, not otherwise publicly disclosed, shall remain confidential notwithstanding that a producing party has disclosed such information to those in its employment or those retained by it, or to governmental authorities in connection with employment, tax or other reporting obligations. Neither the entry of this Agreement nor such "Definition of 'Confidential Information'" shall be construed or deemed to imply any waiver of objection or imply consent or agreement by any party to produce any Discovery Materials to which objection has or will be made. Any copies or reproductions, excerpts, summaries or other documents or media that paraphrase, excerpt or contain Confidential Information shall also be treated as hereinafter referred to as "Confidential Information."

2.  <u>Designation of Discovery Material as "Confidential Information"</u>

A Disclosing Party may designate documentary Discovery Material as Confidential Information after review by an attorney and by stamping or otherwise marking it "Confidential." A Disclosing Party may designate Discovery Material produced in an electronic format as Confidential Information by placing a confidentiality marking on the disk or device on which the Discovery Material is produced. A Disclosing Party may designate Confidential Information within deposition testimony by identifying the information or the entire transcript as Confidential on the record at any time during the deposition or in a letter to the parties and the court reporter within 20 days after the deposition transcript has been provided to counsel for the witness by the court reporter. All deposition transcripts or other pretrial testimony shall be treated as Confidential Information until the expiration of the 20th business day after receipt by counsel of a copy of the transcript thereof.

3.  <u>Inadvertent Failure to Designate Discovery Materials as Confidential Information</u>

Inadvertent failure to designate materials as Confidential at the time of production shall not constitute a waiver of the Disclosing Party's claim of confidentiality and may be remedied by supplemental written notice given by the Disclosing Party, provided that such notice is given within 14 days of the date that the Disclosing Party first learns of the inadvertent failure to designate the materials as Confidential. If such notice is given, all documents, materials or testimony so designated shall be subject to this Agreement as if they had been initially designated as Confidential. The receiving party shall promptly make a good faith effort to retrieve any previously disclosed Confidential Information from unauthorized recipients. If the receiving party is unable to arrange for the return or destruction of such information, the receiving party shall notify the Disclosing Party within fourteen (14) calendar days of receiving the supplemental notice.

4.  <u>Restricted Use of Confidential Information</u>

Confidential Information shall be used only for purposes of this above-captioned litigation and not for any other purpose whatsoever. Confidential Information shall not be disclosed, described or summarized to anyone not expressly authorized to review such material under this Agreement, without written consent of the Disclosing Party or Order of this Court.

5.  <u>Limited Disclosure of Confidential Information</u>

A party who receives "Confidential Information" may only disclose that information to:

A.  The named parties in this action;
B.  The attorneys who represent the parties in this litigation including regular and temporary employees, and service vendors of such attorneys (including outside copying services and outside litigation support services), to the extent reasonably necessary;

    C.    Experts or consultants retained by the parties in connection with this litigation and their employees and/or staff members for use in connection with this litigation;

    D.    Any person who is a fact witness or potential fact witness (and counsel for such witness) to the extent reasonably necessary in connection with their testimony at trial in this action or the preparation thereof;

    E.    A deponent during a deposition and for use only at the deposition;

    F.    Court reporters transcribing depositions or other testimony in this action;

    G.    The District Court in this action, any court to which a party petitions for discovery of a non-party, any appellate court, necessary court personnel, and jurors;

    H.    Any person who was an author, addressee, or intended and authorized recipient of the Discovery Material; and

    I.    Other persons whom the attorneys deem necessary to review the documents, provided that such persons are informed of and agree (a) to maintain the confidentiality of the information contained in such documents, (b) that such information may be used solely for the prosecution or defense of this case, and (c) that such information may not be further disclosed to any person except as permitted by this Confidentiality Agreement.

Confidential Information may not be disclosed pursuant to subparagraphs 5(C), 5(D), 5(E) and/or 5(I) unless, prior to disclosure, the person receiving the Confidential Information agrees to be bound by this Agreement by signing Exhibit A.

6.    <u>Use During Examination, Cross-Examination and Motion Practice.</u>

Nothing herein shall limit a party's ability to use Confidential Information with regard to any motion or with regard to the party's ability to examine or cross-examine at deposition or trial any witnesses, in particular any witnesses: (a) who are present during the examination/cross-examination of other deposition or trial witnesses who wrote or received the information; (b) who are current officers, employees, experts, agents, accountants, consultants or attorneys of the Disclosing Party; and/or (c) whom the Disclosing Party has designated under Federal Rule of Civil Procedure 30(b)(6).

7.  Return or Destruction of Confidential Information After the Litigation

Within 60 days of the completion of this litigation, including any appeals, persons who have received Confidential Information shall either certify in writing that the person has destroyed all copies of the Confidential Information or shall return the Confidential Information to the attorneys of the Disclosing Party. Notwithstanding the foregoing, counsel for the parties may keep in counsel's permanent files work-product that reflects Confidential Information, as well as pleadings, motions, briefs, supporting affidavits and other court filings, correspondence and transcripts of Court opinions and orders (although the restrictions imposed herein continue to apply to such retained documents).

8.  Retention of Jurisdiction

The Agreement shall survive the termination of this lawsuit, and this Court shall retain jurisdiction over all disputes between the parties relating to this Agreement.

9.  Filing of Confidential Information

In the event that any Confidential Information is used in any Court proceeding in this action (including appeals), the Confidential Information shall not lose its status as Confidential Information through such use. If documents (including portions of deposition transcripts) designated as Confidential are to be included in any papers filed in Court, such papers shall be labeled "CONFIDENTIAL – Subject to Court Order" and filed under seal and kept under seal until further order of the Court. Where possible, only confidential portions of filings with the Court shall be filed under seal.

10.   <u>Objection to the "Confidential Information" Designation</u>

If, at any time, a party believes that a designation of Discovery Materials designated as confidential by the producing party under this Agreement does not warrant such designation, the objecting party shall notify the Disclosing Party in writing. Within five business days of the receipt of such written notice, counsel for the Disclosing Party and the objecting party shall meet-and-confer in an effort to resolve such a dispute. If the parties cannot resolve their disagreement, either party may apply for a ruling on the Disclosing Party's designation of the Discovery Materials as confidential. While any such application is pending, the documents or materials subject to that application will remain confidential until the Court rules. Nothing in this Agreement shall be construed as preventing any party from objecting to the designation of any document as confidential or preventing any party from seeking further protection for any material it produces in discovery, regardless of whether that material was produced prior to the implementation of this Agreement. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

11.   <u>Additional Provisions</u>

This Agreement has no effect on, and shall not apply to, (i) any Disclosing Party's use of its own Confidential Information for any purpose; (ii) any person's use of documents or other information developed or obtained independently of discovery in this litigation for any purpose, whether or not such documents or other information also were Disclosed Material in this litigation; (ii) information that is or becomes part of the public domain through no breach of the terms of this Agreement; or (iv) information that is disclosed by a third party without restriction as to disclosure, provided such third party has the right to make the disclosure.

This Agreement shall also not prejudice in any way the rights of any party to use or

introduce into evidence at trial any document testimony or other evidence subject to this Agreement, or prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Agreement.

12. Non-Parties

Any non-party producing Discovery Materials in this action may be included in this Agreement by endorsing a copy of this Agreement and delivering it to the requesting party who, in turn, will file it with the Court and serve it upon counsel for the other parties. The parties to this action may designate Discovery Materials produced by other parties or non-parties as confidential in accordance and consistent with the terms and provisions of this Agreement.

13. Additional Parties

In the event that additional persons become parties to this action, such parties shall not have access to Confidential Information produced by or obtained from any Disclosing Party until the newly-joined parties or their counsel confirm in writing to all other parties that they have read this Agreement and agree to be bound by its terms.

14. Binding Effect

This Agreement shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court made upon reasonable written request.

15. Modification

This Agreement shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Agreement, or from agreeing with the other parties to modify this Order, subject to approval of the Court.

Dated: December 20, 2007

By: /s/

Andrew P. Bell (AB-1309)
Fran L. Rudich (FR-7577)
Locks Law Firm, PLLC
Latham & Watkins LLP
110 East 55th Street, 12th Floor
New York, New York 10022
Telephone: (212) 838-3333

Alexander Barnett
The Mason Law Firm
1120 Avenue of the Americas, Ste. 4019
New York, New York 10036
Telephone: (212)-362-5770

Jeffrey Gottlieb
Berger & Gottlieb
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone: (212) 838-3735

*Attorneys for Plaintiffs*

By: /s/

John D. Shyer (JS-2706)
Amy S. Donovan (AD-9914)
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, New York 10022
Telephone: (212) 906-1200

*Attorneys for Defendants*

SO ORDERED: JAN 0 2 2008

/s/ HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KESIA PRICE, *et al.*,

                      Plaintiffs,

  -against-

PORTER NOVELLI, INC. and OMNICOM GROUP INC.,

                      Defendants.

07 Civ. 5869 (PAC)

**CONFIDENTIALITY AGREEMENT**

_____ (name of person, firm or organization) agrees to be bound by the terms of the Confidentiality Agreement dated _____ in this action.

_____
(signature of person, firm or organization)