UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

KESIA PRICE, Individually and on behalf   :
of all others similarly situated,
                                                   :
                Plaintiffs,                    07 Civ. 5869 (PAC)
                                                   :
   -against-                           ORDER
                                                   :
PORTER NOVELLI, INC., et al.,
                                                   :
                Defendants.
                                                   :
-------------------------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

The Court has read the submissions of Plaintiff, dated May 6, 2008 and Defendants, dated May 12, 2008, concerning certain questions posed and objections lodged at the April 17, 2008 deposition of Susan Reeves, a long time, former employee of defendant Porter Novelli. Ms. Reeves was Vice President – Human Resources, until she was terminated in January 2008. She testified extensively about her participation in a company-wide plan to divide Porter Novelli employees into two FLSA categories: exempt and non-exempt.

Plaintiff's attorney ascertained that Ms. Reeves had spent 5-1/2 hours the day before her deposition with three attorneys representing Porter Novelli (two from Latham & Watkins, and one in-house counsel). He then launched into a series of questions which asked essentially: "tell me what you talked about for 5 hours?" Defendants' counsel objected and asserted the attorney-client privilege.

The parties called Chambers and the Court sustained the objection. The Court also advised Plaintiffs' counsel that it could seek reconsideration of the ruling, and a reopening of the deposition. Having read the parties' submissions, and upon reading the transcript of the deposition, the Court denies the application for reconsideration and adheres to its determination that Defendants' counsel's objections should be sustained.

Plaintiffs' counsel recognizes that he is not entitled to ask for information or discussions with attorneys concerning her assignment during the course of her employment. He is surely correct. Upjohn Co. v. U.S., 449 U.S. 395 (1981). Any privileged information obtained by Ms. Reeves during the course of her employment, remains privileged, notwithstanding her departure from Porter Novelli. Peralta v. Cendant, 190 F.R.D. 38, 41 (D.Conn., 1999). Plaintiff's counsel maintains, however, that when the employment relationship ended, the attorney-client relationship ended as well. This is too broad an assertion.

While Ms. Reeves testified at the beginning of the deposition that she was not represented by an attorney (Tr. p. 10, ll. 4-6), she also testified she knew that Latham & Watkins was representing Porter Novelli, that she was testifying as a former officer of Porter Novelli with particular knowledge of facts relevant to the complaint; and in that connection, Latham & Watkins was representing her at the deposition. (Tr. p. 167, ll. 12 to Tr. p. 168, l. 6). Recognizing Latham & Watkins as counsel for Ms. Reeves is consistent with the fact that Ms. Reeves' testimony concerning Porter Novelli's plan for reclassifying its employees is probably binding on Porter Novelli. On the other hand, as a former employee, she is not strictly speaking the client, and she is no longer subject to the directions and commands of her former employer.

In <u>Peralta</u>, the Court held that if the deposition preparation of a former employee by the counsel for the employer goes beyond knowledge which the former employee acquired during the course of employment, that an attorney-client privilege might not be applicable. <u>Id.</u> at 41. If the attorney advised or informed the former employee of something she did not know, including "facts developed during the litigation, such as testimony of other witnesses," or any other facts which might "influence a witness to confirm or adjust her testimony to such information," or "how a question should be handled," then such inquiry could not be stopped by a claim of attorney-client privilege. <u>Ibid.</u>

Certain of Plaintiff's counsel's questions dealing with the present status of the case, instructions on how to handle questions, and projection of what questions might be posed during the deposition, were all objected to. (Tr. p. 14, 15, 16-17). These questions came before a single question on the substance of the case was asked. It would appear that Plaintiff's counsel was seeking only information about the witness's preparation, and not about the substance of her work while she was an employee. Nonetheless, the questions did not end there. Subsequent questions dealt with: whether the preparation session covered New York Labor law (Tr. p. 19-20); what other witnesses testified to (Tr. p. 20); what was discussed at a break (Tr. p. 20, 21); whether documents were reviewed in the preparation session, and if so, which ones (Tr. p. 21); how certain questions about emails might be answered (Tr. p. 23, 25); and many similar questions were asked by Plaintiff's counsel and answered.

Once the deposition turned to essential, relevant matters as alleged in the complaint, as opposed to peripherals, the witness appears to have testified fully about the

3

underlying facts and to her own conduct, and knowledge of the relevant events. Documents prepared or received by the deponent (many of which she identified as having been reviewed at the preparation session) were reviewed at length. The answers seemed full, complete and candid. Plaintiffs' counsel's questions fully probed the appropriate subject matter.

Additionally, while there were many objections and a running colloquy with the attorneys for both parties, Plaintiff's counsel was afforded a fair opportunity to probe on the witness's deposition preparation. These questions were more than adequate to ascertain whether Ms. Reeves was testifying as to her best recollection of events, or was merely parroting ideas planted in her brain by wily counsel.

The application to reconsider the Court's ruling and to reopen Ms. Reeves' deposition is denied.

Dated: New York, New York
       June 11, 2008

SO ORDERED

PAUL A. CROTTY
United States District Judge